IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEREK PARK,

        Plaintiff,

v.                                        Case No. 17-1274-JWB

MARQUIS JET PARTNERS, INC. and
NETJETS, INC.,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendants' motion to dismiss for failure to state a claim. (Doc. 6). The motion has been fully briefed and is ripe for decision. (Docs. 7, 9, 10). Defendants' motion is GRANTED for the reasons set forth herein.[1]

**I.  Motion to Dismiss Standards**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not

---

[1] In addition to the arguments addressed in this order, Defendants contend that NetJets should be dismissed from this action as Plaintiff has failed to allege facts specific to NetJets in the complaint and NetJets is merely the parent company of Marquis. (Doc. 7 at n. 1). Plaintiff responds that it will dismiss NetJets if Defendants will concede that Marquis is the proper party. (Doc. 9 at n. 2). Defendants did not address Plaintiff's position in their reply. Because the court has dismissed the complaint for the reasons stated herein, the court need not separately determine if there are sufficient allegations specific to NetJets set forth in the complaint.

whether Plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).

## II.     Facts Alleged in Complaint[2]

On or about March 11, 2008, Plaintiff purchased a "Marquis Jet Card" (the "Card"). The Card is allegedly offered by Marquis and the flights are provided by NetJets. Upon purchasing the Card, a "purchaser receives access to the NetJets fleet of private jets for 25 hours of flying time over the course of a year." (Complaint at 2). The cost of a Card ranges from $125,000 to $150,000. Plaintiff's Card "covered the period from March 11, 2008 to March 13, 2009." *Id.* On March 8, 2009, a balance of 16.5 hours remained on Plaintiff's Card. Plaintiff did not take any additional flights from March 8 to March 13, 2008.

On or about January 5, 2010, Plaintiff took a flight with a duration of 1.8 hours. Plaintiff was later billed for a fuel fee charge of $1,399.41, which Plaintiff paid. The invoice indicated that Plaintiff had an account balance of 14.7 hours of flight time. *Id.* Plaintiff continued to receive monthly statements from Defendant Marquis indicating a remaining balance of 14.7 hours of flight time. Plaintiff received such statements until October 2012. At some point in October 2012, Plaintiff attempted to use flight hours on his Card. Marquis "refused to allow Plaintiff to access the remaining hours on his card unless Plaintiff purchased a subsequent card." (*Id.* at 3).

Plaintiff filed this action alleging a breach of contract. Plaintiff alleges that the initial one-year period on the Card was extended due to Defendants' actions in allowing the January 2010 flight. Defendants now move to dismiss.

---

[2] This action was filed in Sedgwick County Court and then timely removed to this court. (Doc. 1).

### III. Analysis

Defendants assert three separate arguments in their motion. First, Defendants argue that Plaintiff's complaint should be dismissed because it is barred by the Statute of Frauds. Second, Defendants contend that the complaint fails to allege consideration for an extension of the original contract. Finally, Defendants argue that their actions in allowing the January 2010 flight do not constitute mutual assent.

#### A. Statute of Frauds

Defendants contend that any contract modification must be in writing because the original contract fell under the Statute of Frauds as its term was longer than one year. Pursuant to K.S.A. § 33-106, an agreement must be in writing if it is "not to be performed within the space of one year from the making thereof…." While Defendants have correctly pointed out that the alleged contract had a term of more than one year, section 33-106 does not automatically apply.

> [C]ontracts that **cannot be performed** within 1 year must be in writing to be enforceable. K.S.A. 33–106. Kansas courts have consistently understood this aspect of the statute of frauds to apply only when it is impossible to perform the contract within 1 year. *See Nutt v. Knutson*, 245 Kan. 162, 164, 795 P.2d 30 (1989); *In re Estate of Brecheisen*, No. 111745, 2015 WL 3632335, at *3 (Kan. App. 2015) (unpublished opinion); Murray on Contracts § 72 (4th ed. 2001).

*Ed DeWitte Ins. Agency, Inc. v. Fin. Assocs. Midwest, Inc.*, 53 Kan. App. 2d 238, 248, 388 P.3d 156, 165 (2016), *review granted* (Aug. 28, 2017) (emphasis supplied).

The contract at issue in this matter had a term of one year and two days. The alleged terms of the contract, however, do not support a finding that it would have been impossible to have performed the contract within one year. The contract could have been performed in a much shorter time if Plaintiff had chosen to use the total flight hours in March 2008 or prior to March 2009. Therefore, the Statute of Frauds does not apply to the original contract and, as such, a modification to the contract would not need to be in writing under section 33-106.

### B. Consideration

Next, Defendants argue that Plaintiff's complaint fails to state a claim as the modification to the original contract was not supported by additional consideration. Under Kansas law, conduct of the parties may change written terms in a contract; however, "such modification of a written contract must be supported by consideration independent and separate from the original consideration supporting the contract." *Riley State Bank of Riley v. Spillman*, 242 Kan. 696, 700, 750 P.2d 1024, 1028 (1988). The complaint alleges that the term of the original contract expired on March 13, 2009. Plaintiff further alleges that the contract was modified to extend the term to an unknown date. Plaintiff's response contends that the fuel fee charge of $1,399.41 incurred in January 2010 was additional consideration for the contract modification and the complaint alleges as such. (Doc. 9 at 3). Plaintiff is incorrect.

Plaintiff's complaint fails to allege that the $1,399.41 payment was consideration for an extension of the contract. Rather, the complaint alleges that the payment was for the fuel charge for the 2010 flight. Therefore, Plaintiff's complaint has failed to allege a claim of breach of contract as there are no allegations that state that additional consideration, which was independent and separate from the original contract, was paid for the modification to the original contract. *See Spillman*, 242 Kan. at 700.

In order to avoid dismissal due to a lack of consideration, Plaintiff argues in his response that he reasonably relied on a promise made by Defendants, citing *Bouton v. Byer*, 50 Kan. App. 2d 35, 41, 321 P.3d 780 (2014). *Bouton*, however, discusses the doctrine of promissory estoppel, which is an equitable doctrine and distinct from a claim of breach of contract. As Defendants point out in their reply brief, Plaintiff has not plead a claim of promissory estoppel in his complaint.

(Doc. 10 at 5-6); *see also Bouton*, 50 Kan. App.2d at 41 (discussing required elements of promissory estoppel).

Therefore, Plaintiff's complaint is subject to dismissal for failure to state a claim of breach of contract.[3]

## IV.   Conclusion

Defendants' motion to dismiss (Doc. 6). is granted for the reasons stated herein.[4] Plaintiff's complaint is dismissed, without prejudice.

IT IS SO ORDERED this 14th day of May, 2018.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[3] The court need not address Defendants' third argument for dismissal as it found the complaint fails to state a claim for failure to allege sufficient consideration.

[4] Plaintiff has requested that the court allow him an opportunity to amend or, alternatively, to dismiss the complaint without prejudice. (Doc. 9 at n. 1). Plaintiff contends that an amendment should be allowed as the pleading standard in Kansas state courts is more lenient than the rigorous standard under *Twombly*. Although the *Twombly* standard may be more rigorous than the notice pleading standard under Kansas law, both standards require a party to state a claim that is plausible on its face. Plaintiff's complaint has failed to allege consideration, which is required under Kansas law for a contract to be enforceable. Moreover, Plaintiff's request does not comply with this court's local rules. *See* D. Kan. R. 15.1(a). Plaintiff's complaint will be dismissed without prejudice.